ADAMS, STATE REVENUE AGENT *v.* LAMB-FISH LUMBER CO.

[61 South. 6—60 South. 645.]

1. MUNICIPAL CORPORATOINS. *Taxation. Assessments. Change of county assessments. Effect. Valuation. Code* 1906, *sections* 3421-3422.

Under Code 1906, section 3421 so providing, where a municipal assessment of property for taxation was made by the city assessor by copying from the county assessment rolls and such assessment was approved by the board of mayor and aldermen in September and October, the valuation, as thus fixed, controls the municipal assessment and is not affected by the fact that in November following the board of supervisors reduced the county valuation.

2. SAME.

Section 3421, Code 1896, providing that all changes in the county rolls shall likewise be made in the copy, applies only to additions thereto, which were overlooked when the original roll was made up and approved and not to changes by reducing valuations.

3. SAME.

It is within the power of the town board under section 3422 to exercise its own discretion about valuations, unaffected by the valuation put upon property embraced within the corporate limits by the boards of supervisors for county purposes.

4. TAXATION. *Validity. Valuation. Assessment.*

Valuation is only one of the elements of assessment, though a most important one.

5. MUNICIPAL CORPORATIONS. *Taxation. Exemption. Validity.*

  Where a municipal ordinance exempting property of a taxpayer
  from taxation is *ultra vires* it does not relieve him from liability
  for taxes.

APPEAL from the Chancery court of Tallahatchie county.

HON. M. E. DENTON, Chancellor.

Suit by Writ Adams, state revenue agent, for the use of the town of Charleston against the Lamb-Fish Lumber Company. A decree for defendant was reversed in 60 South. 645 and plaintiff moves to set aside the judgment reversing the case and for final judgment in the supreme court.

The facts are fully stated in the opinion of the court.

*May & Sanders,* attorneys for the appellant.

*Dinkins & Caldwell and Tim E. Cooper,* attorneys for appellee.

Counsel on both sides filed elaborate briefs too long for publication.

COOK, J., delivered the opinion of the court.

The Lamb-Fish Lumber Company was assessed for taxes by the county assessor, and the roll as prepared by him was approved by the board of supervisors. This roll was copied by the town assessor, and either by nonaction, or by affirmative action, was approved by the board of aldermen during the months of September and October. In November the board of supervisors reduced the assessed valuation of the property of appellant as it appeared on the roll at the time the same was copied by the town assessor. In this suit by the revenue agent to enforce the collection of the unpaid town taxes, appellee answered that it was exempted from municipal taxation by ordinance duly and legally adopted by the authorities of the municipality. The contention of appellee was sustained

104 Miss. 4

by the chancellor, and this court, on appeal, reversed the chancellor, holding that the ordinance exempting appellee from the payment of town taxes for a period of eight years was *ultra vires* and void. The matter is now before the court upon the motion of the revenue agent to set aside the judgment reversing the cause, and for final judgment here for the amount due the town, upon the valuation of the property, as fixed by the roll approved by the board of supervisors, and copied by the town assessor and approved by the board of mayor and aldermen of the town of Charleston.

It is the contention of appellee that it should only be required to pay upon the valuation as reduced by the board of supervisors in November. The point presented is precise, and no middle ground exists. Sections 3421 and 3422 of the Code of 1906, in the chapter on "Municipalities," contain the law controlling municipalities in the assessment and valuation of property embraced within the corporate limits. It is believed that the titles of the two sections are, in some degree, significant, and throw light upon their proper construction. Section 3421 is entitled, "Revenue; the assessment." Section 3422, "Assessment valuations." The subject-matter treated in section 3421 is the assessment roll and what it shall contain, if the roll adopted be the roll approved by the board of supervisors, while section 3422 deals with the valuation of property assessed for the purpose of the municipality.

Of course, in its broader sense, assessment embraces valuation, but at the same time the assessment roll embraces, not only the valuation placed upon property, but the names of the owners thereof and an accurate description of same. It is observable, therefore, that valuation is only one of the elements of assessment—the most important element it is true, nevertheless only one of the elements. Turning, now, to the chapter of Code of 1906, entitled "Revenue," section 4312 provides that for certain causes the board of supervisors "shall have the

power at any time to change the assessment so as to reduce or increase the true valuation of the property." Returning to section 3421, we find these words, "and all changes in the county assessment thereafter made shall likewise be made in the copy." Upon the construction and application of this language, appellant and appellee part company, and the solution of this precise point is now submitted to this court.

In *City of Biloxi* v. *Biloxi Real Estate Co.,* 94 Miss. 653, 48 South. 729, it is held that the board of mayor and aldermen have no power to equalize assessments after the expiration of October, because "it was plainly the purpose of the legislature to limit the time in which there shall be a preparation of the rolls for the purpose of taxation." In the above-cited case the exact point now before the court was not presented, but it is quite clear that the reasons given for the decision in that case are applicable to the present case. After October the board of mayor and aldermen are without power to change the rolls, because the rolls are then in the hands of the collector for the purpose of collecting the taxes, and for the further reason—and this is all-sufficient—the statute does not confer this authority upon the board of mayor and aldermen. Taking the provision in section 3421, which requires all changes in the county assessments to be made in the copy made for municipalities, disconnected from the general scheme for the collection of taxes, it would seem that, when the board of supervisors made changes in the county assessments under section 4312, the collectors of municipalities should immediately change their rolls to harmonize with the county roll.

The municipality, in this instance, instead of adopting a scheme of assessment of its own, elected to adopt the method of copying the county rolls; and, when the rolls had passed from the control of the town board, the county reduced appellee's assessment. Clearly the statute gives no power to the town board to change the assessment roll

after October. Then who is to make the change? If the board of aldermen cannot do it, can the collector make the change? If the collector does not make the change, does the law work automatically? The perplexity results from the confusion of the assessment roll and the valuation of property. Section 3422, in the broadest terms, gives the mayor and board of aldermen of municipalities the power, at a regular, or special meeting to be held in September and October in each year, to increase or diminish the valuation of property assessed for taxation. So it is clear that the town board can increase or diminish the valuation of property, although the town board has elected to copy the county assessment roll, and take that as a basis for municipal taxation. It is said that this construction nullifies section 3421, which requires all changes made in the county roll to be also made in the copy, and that, in order to harmonize section 3422 and section 3421, it is necessary to hold that section 3422 only applies to those instances where municipalities have provided for a separate assessment according to the last sentence of section 3421. It will be noted that section 3422 is broad and sweeping in its terms, and that there could be no room for construction, but for the requirement of section 3421, that all changes made in the county rolls shall likewise be made in the copy.

It is inconceivable that the legislature intended that the town assessor, who may be an entirely different person from the collector, is required to keep tab on the action of the county board, and, when it makes a change in the county roll, he is required to immediately take charge of the town roll and make the change there so as to harmonize the valuation of property with the changed valuation of the county. The changes referred to by section 3421 must be changes of another sort—such as additions thereto, which were overlooked when the original roll was made up and approved. The law authorizing towns, cities, and villages to adopt the county rolls was designed

to simplify and cheapen the work of assessing the taxes for municipal taxation, and to obviate the necessity for an elaborate separate scheme to be provided for by ordinance. It was for the convenience of the small towns and villages, and was never intended to deprive the town board of the power to fix the valuation of property for taxation for town purposes. It is within the power of the town board, under section 3422, to exercise its own discretion about valuations unaffected by the valuation put upon property embraced within its corporate limits by boards of supervisors for county purposes. To hold otherwise would hamper the municipalities of the state, and make it practically impossible for them to secure a sufficient revenue with which to carry on their governments. The facts of the present case illustrate the unsoundness of the contention made by the opposition to the motion. In the original controversy, the action of the town board exempting the property of appellee from town taxes was urged in bar of recovery of the unpaid taxes by the revenue agent. If there was or could be a valid exemption ordinance, it would be based upon this power of the town board to change the assessment roll, as copied, without reference and in opposition to the county assessment roll. In other words, it cannot be contended that the town could not, in the proper cases, strike from the town assessment the property of manufacturing enterprises exempted from municipal taxation, without regard to the action of the county board in reference thereto.

It therefore seems clear that section 3422 of the Code of 1906, not only in its terms, but also by intendment, makes the town board the board of equalization of municipal taxes, to the same extent that the county board is made equalizers of county assessments. What, in the present case, is the town assessment? It seems that the county roll, as copied by the town board, fixed the valuation of appellee's property at $———. Afterwards, in Novem-

ber of the same year, the county board reduced the valua-
tion to $————, while the town, proceeding upon the the-
ory that it was authorized to exempt the property from
municipal taxation, adopted an ordinance to effectuate
that purpose, and afterwards, by order on its minutes,
credited the town tax collector with the assessment. Since
then nothing has been done by the town board; it being
settled so far as it was concerned that appellee owed no
taxes to the town. In the first instance, the valuation fixed
by the county board was accepted by the town board, at
least by a failure to change the same, and inasmuch as the
assessment appeared on the town roll as a charge against
the collector, in order to dispose of this charge the order
crediting the collector with same, because of the exemp-
tion ordinance, was made by the town board. The peculiar
facts of the instant case present certain difficulties, but a
true construction of the legislative intent cannot be ascer-
tained by a futile attempt to adjust the intent to special
circumstances. The void ordinance of exemption and the
subsequent nonaction of the town board must be dis-
missed from consideration, and then adjust the facts to
the general scheme of legislation.

So we find that section 3422 vests in the board of mayor
and aldermen the power to fix the valuation of property
assessed for municipal purposes, and, the board having
fixed the valuation as fixed by the county assessment roll,
this had the effect of a judgment against the taxpayers,
which, by the trade between the town board and appellee,
was suspended by failure of appellee to pay and refusal
of the town authorities to collect. All of this was *ultra
vires,* and the judgment stood as a binding and valid
judgment in the same manner and to the same extent as
though no such intervening circumstances existed—in
fact, in legal contemplation, they do not exist. It appears
clear that there is no real conflict between sections 3421
and 3422; the first section relating to the assessment roll,
and the last section to valuations to be put upon property

appearing upon the rescript of the assessment roll approved by the county board.

There is no reservation or exception in section 3422, the language is plain and unequivocal, and if we, by construction, write into the section an exception or proviso, we would be guilty of palpable judicial legislation without being able to assign any justification, palliation, or excuse for this usurpation of authority.

*Affirmed.*