## WHITTLE v. CITY OF HATTIESBURG.

(Division A. June 25, 1923.).

[96 South. 741. No. 23457.].

MUNICIPAL CORPORATIONS. *Burden of proof on municipality on appeal from board of equalization increasing taxpayer's assessments above that returned by assessor.*

Under section 81, Code c⁻ 1906 Hemingway's Code, section 61), giving a taxpayer aggrieved by a decision of the municipal authorities affecting the assessment of his property for taxes an appeal to the circuit court and providing that there the cause shall be tried anew, an appeal from a judgment of the mayor and board of commissioners of a municipality acting as a board of equalization increasing a taxpayer's assessment above that returned by the assessor, the burden of proof is on the municipality and not on the appellant; the return of the assessor is *prima facie* correct, and not the judgment of the equalization board.

APPEAL from circuit court of Forest county.

HON. R. S. HALL, Judge.

Proceedings by the mayor and board of commissioners of the city of Hattiesburg, acting as a board of equalization increasing the assessment of property as made by assessor. From the order of such board, Mrs. D. M. Whittle appealed to the circuit court, where the order was affirmed, and from such order she again appeals. Reversed and remanded.

*Robert L. Bullard,* for appellant.

The act authorizing the appeal contains this provision, an application of which will determine the propriety of the action of the lower court: "The controversy shall be tried anew in the circuit court at the first term." When the "controversy" came up in the circuit court both sides contended that the burden, or affirmative of it, rested upon the other fellow. The appellant contended that the

taxpayer's return and the assessment made thereon by the assessor, stands, *prima facie,* until overcome by proof; the correctness of that being the very "controversy" to be tried anew in the circuit court; that unless evidence was produced to impeach that valuation it was the duty of the court to enter a judgment in favor of appellant. The court held with the city that the judgment appealed from by which the assessment was raised stood *prima facie* correct until overcome by proof impeaching it, and this is the question in the case.

Where, upon appeal, the whole controversy is tried anew (*de novo*) the court to which the controversy goes, does not exercise any of the functions of an appellate court. It is merely a removal of the proceeding into another court to be there tried as a new proposition, without reference to anything that occurred in the court from which it was removed. The judgment of the inferior court from which the appeal was taken has no force whatever in the appellate court. 3 Cyc. 260, 265. These propositions are decisive of this case: The original assessment made upon the assessment roll by the assessor, the officer charged by law with the duty of making it, stands as correct until it is impeached by the taxing authority or by the taxpayer.

If the original assessment is made by the assessor from and according to a return filed with him by the property owner the property owner is bound by it and cannot appeal from the assessment; otherwise, if the valuation is raised by the equalizing authority, he may appeal. 37 Cyc. 994. If there has been no raise in value and if the assessment stands as made by the assessor, the burden is on the party who appeals to impeach the assessment; but if the board of equalization has increased the valuation this presumption is thereby destroyed and the burden is on the state or municipality to show the correct valuation of the property independently of any action taken by them in raising it.

There are a few cases where an assessment was ap-

pealed from after having been raised by an equalizing authority, under statutes providing for a trial of the controversy anew, and in each case it was held that no presumption of correctness attached to the assessment as changed, and that the burden was on the state or municipality. *Stahner* v. *State,* 125 Alt. 72, 27 So. 311; *Sullivan* v. *State,* 110 Ala. 95, 20 So. 452.

Upon the evidence here introduced by the appellant both sides rested. Both requested a peremptory instruction. This is generally held to amount to an agreement by both sides that there is no question of fact to try and a joint demand for decision by the court according to the legal effect of the evidence before it. Such is the invariable rule in the Federal courts where the question has been decided. If, therefore, such is the rule in this court, the appellant is undoubtedly entitled to the judgment. *Holbrook* v. *Shepard,* 279 Fed. 193. It is a perfectly just and very convenient rule, and I have not found that any court has refused to apply it when it was invoked. An adoption of it here might prevent much experimentation with trial courts, but it would improve the practice very materially.

*D. E. & C. W. Sullivan,* for appellee.

According to chapter 118, Laws of 1914, beginning at page 97, municipal assessments shall be made by the clerk or tax collector by copying from the county assessment rolls that portion thereof which embraces property or persons within the corporate limits, but the municipal authorities may provide for a separate assessment to be made annually of all taxable property, except such as is required by law to be assessed by the railroad assessments.

Section 3422 of the Code of 1906 (section 5981, Hemingway's Code) provides that the mayor and board of commissioners may at a regular or special meeting to be held in September or October in each year increase or diminish the valuation of property as assessed for taxation, and

requires notice to be given of the meeting at which such changes are to be made. This section further provides that any person aggrieved by the action of the mayor and aldermen may appeal therefrom to the circuit court, as in other cases of appeal, and the same shall be tried *de novo* in the circuit court. *Adams, State Revenue Agent,* v. *Lamb-Fish Lumber Co.,* 104 Miss. 48. It appears from the statute and the decision of the supreme court that a municipal assessment is not made and completed until acted upon by the board of mayor and aldermen at its meeting held in September or October and when so acted upon and approved, becomes final and stands as a judgment against the taxpayers. It is this judgment from which the taxpayer is given the right of appeal to the circuit court.

In this state of the record it will be presumed that the mayor and commissioners of the city of Hattiesburg did their duty in approving this assessment and that the judgment they rendered against the appellant was valid and binding upon her until she introduced proof to show the contrary. *Robertson, State Revenue Agent,* v. *United States Nursery Co.,* 121 Miss. 14, 12 Ency. of Evidence 271; 37 Cyc. page 1118, par. F; *Telephone Co.* v. *Board of State Affairs,* 89 So. 249 (La.); *Railroad Co.* v. *State,* 69 So. 542; *Union Coal Co.* v. *Thurston County* (Wash.), 2 L. R. A., 1546.

Counsel for appellant cites and relies upon the case of *Sullivan* v. *State,* 20 So. 452, decided by the supreme court of Alabama. In order to properly understand this case it is necessary to examine the facts on which the decision is based, and also the laws of Alabama for making assessments. Under Alabama's method of procedure the Alabama supreme court holds that the return made by the tax assessor makes a *prima-facie* case and the burden of proof is on the taxpayer to overturn it. However this may be, as to the assessment in Alabama, there is no such method of assessment in the municipality of Hattiesburg under the laws of the state of Missisippi.

The burden of proof always rests upon the party complaining in a suit under the law. The attorney-general can take an appeal from an assessment approved by the board of supervisors on the ground that the property is undervalued. Now, assuredly the attorney-general would have the burden of proof on him to show the under-valuation. The board of supervisors or municipality might reduce an assessment made by the tax assessor, and the attorney-general might appeal from such reduction, and the case might be tried anew but the attorney-general would have to show by a preponderance of the evidence that the value put upon the property was too low. An appeal by a taxpayer from an assessment by municipal authorities which has been tried anew in the circuit court is not upon the same footing as an individual or a party to a law suit in the justice court who has lost it and appealed to the circuit court where the case shall be tried anew. The action of municipal authorities in making and approving an assessment of property for taxation for public purposes is not in the same category with the action of the justice of the peace who tries the case between some litigants and renders his judgment for one or the other as the facts impress him. In the case tried by the justice of the peace the losing party may appeal and try his case over again in the circuit court just like it obtained in the justice court, but not so with the judgment of the mayor and board of aldermen approving a municipal assessment of taxes. That assessment stands on appeal as a *prima-facie* case against the taxpayer until he overthrows it by competent proof.

*Robert L. Bullard,* for appellant in reply.

The appellee now predicates its right to an affirmance of the case upon a very adroit proposition, stated as follows: "The appellant, therefore, asserts by her appeal that this final judgment against her is wrong and is excessive, and the purpose for which this appeal is allowed (the

appeal to the circuit court) is to enable her to point out to the court wherein, and what part of, the judgment is wrong." That statement is perfectly true of ordinary appeals where the judgment of a trial court is brought up for review. In this case, however, there is no provision for a review of the judgment of the city council. The trial is not a review, but a trial of the controversy anew. It is a trial before the circuit court anew of the same controversy that was tried by the city commissioners. They tried the controversy as to whether or not the original assessment, made according to the appellant's return, was correct. Therefore, the question carried before the circuit court was as to the correctness of the original assessment, and not of the judgment of the board increasing the assessment. About that proposition it is idle to argue, and it disposes of the case. None of the cases cited by appellee support the converse of that proposition, and it would be for this court to destroy the force of the statute to so hold.

ANDERSON, J., delivered the opinion of the court.

This is an appeal by Mrs. D. M. Whittle from a judgment of the circuit court of Forrest county affirming an order on appeal from the mayor and board of commissioners of the city of Hattiesburg acting as a board of equalization increasing the assessment of appellant's property in said city as made by the assessor. Appellant's property consisted of real estate in the city of Hattiesburg. It was assessed for municipal taxes at five thousand one hundred dollars. At the equalization meeting of the mayor and board of commissioners of the city held in September and October, 1922, for the purpose of equalizing the municipal assesments for that year, appellant's assessment was increased from the amount returned by the assessor, five thousand, one hundred dollars, to five thousand, three hundred dollars. From that order of the municipal authorities appellant prosecuted an appeal to the circuit court of For-

rest county. There was a jury impaneled to try the case. Appellant insisted that appellee, the city of Hattiesburg, should assume the burden of proof. The court ruled that the burden of proof was on appellant. Appellant introduced copies of the records certified up by the city clerk under section 81, Code of 1906, section 61, Hemingway's Code, and rested. Appellee declined to introduce any evidence. Each party therefore proceeded on the idea that the burden of proof was on the opposite party. Appellant requested a directed verdict in her favor, as also did appellee; that of appellee was granted, and thereupon judgment was entered by the circuit court fixing appellant's assessment at five thousand three hundred dollars, the amount at which it was fixed by the municipal equalization board.

The sole question therefore is: On whom was the burden of proof in the circuit court trial? The appeal was taken under section 81, Code of 1906, section 61 Hemingway's Code, which provides for an appeal in this character of case and declares that in the circuit court "the controversy shall be tried anew." To try a cause anew means to try it as if it never had been tried before. It means in this case that the judgment appealed from is wiped out and the cause stands in the circuit court for trial exactly like it did before the equalization board when that board sought to raise the assessment of appellant's property as returned by the assessor. There could be no trial anew in the circuit court if the judgment or order of the equalization board is to be treated as *prima facie* correct. If it is to operate as a judgment against the taxpayer who must overturn it in order to succeed, then there is no trial anew in the sense of the statute. The statute in question does not contemplate that the circuit court shall in such cases be a court of appeal in the ordinary sense of such courts. The purpose is to simply authorize the transfer of the record in the cause from the municipal authorities to the circuit court for the purposes of a trial *de novo.*

The judgment appealed from stands exactly like a judgment of a justice of the peace in a cause appealed to the circuit court.  In such a case the judgment of the justice of the peace is ignored as evidence in the cause for the reason the statute authorizing appeals from such judgments provides, as does this, for a trial *de novo*.  How such a case could be tried anew in the circuit court so long as the judgment appealed from must stand as *prima facie* correct is hardly conceivable.  A trial anew in the present case simply means that the court shall approach the case as the equalization board did, on the evidence for and against, as to whether the valuation fixed by the assessor should be increased, treating the assessor's valuation as prima facie correct and not the valuation of the equalization board.

If authority were needed to sustain this view, *Sullivan* v. *State,* 110 Ala. 95, 20 So. 452, is squarely in point. There the statute involved was substantially the same as the statute here involved.  In their controlling aspects the facts in that case were the same as the facts in this. The court held, as we have, that on a trial in the circuit court the assessor's return must be treated as *prima facie* correct and not the order of the equalization board, and that therefore the burden of proof was on the state in that case to overturn the action of the assessor.

*Reversed and remanded.*