Town of Union *v.* J. R. Buckwalter Lumber Co.*

(Division B.    Oct. 27, 1924.)

[101 So. 561.   No. 24280.]

1. Evidence. *Expert testimony not essential to determine value of property for taxation purposes.*

In determining the value of property for the purpose of taxation, expert testimony is not essential, but persons residing near the property who are familiar with the kind, character, and amount of the particular property, and with its location, uses, adaptability, environment, and improvements, and who have inspected the property for the purpose of determining the amount, condition, and value thereof, may testify to their opinion of its value.

2. Taxation. *Peremptory instruction for taxpayer, on appeal from order increasing assessment, erroneous where some testimony of undervaluation.*

On appeal to the circut court from an order of the mayor and board of aldermen of a municipality increasing an assessment of prop-

erty for taxes, it is error to grant a general peremptory instruction in favor of the taxpayer, where there is testimony on behalf of the municipality which would warrant a finding that some, if not all, of the items of property had been undervalued in the assessor's return.

*Headnotes 1.  Evidence, 22 C. J., sections 682, 679;  2.  Taxation, 37 Cyc, p. 1117.

APPEAL from circuit court of Newton county.

HON. G. E. WILSON, Judge.

Proceeding between the Town of Union and the J. R. Buckwalter Lumber Company.  From the judgment rendered, the former appeals.  Reversed and remanded.

*Marion W. Reily,* for appellant.

The only question before this court is, was there testimony offered by appellant, which warranted the jury in finding that the assessed value, before same was increased by appellant, of any one of the pieces of property, whether personal or real, was less than it should have been.  If there was such testimony then the peremptory instruction complained of was erroneously given.

The trial court held in effect that to warrant the appellant in sustaining an increase in the value of the property, the appellant must prove by expert testimony the value of the property.  In other words, before appellant was authorized to increase the assessment of appellee, the appellee must prove by expert witnesses its contention as to the value of the property.  In so holding the trial court committed reversible error.

In fixing assessments upon land for the purpose of taxation, its fair market value should govern.  See 26 R. C. L. 365, sec. 322; 3 Ency. of Ev. 429.  See 13 Ency. of Ev. 431, for general statement concerning the nature of the evidence required in ascertaining the value of property.  See 13 Ency. of Ev. 478, and citations there given for announcement of the law touching the necessity of

expert testimony in reaching the value of real estate. See 13 Ency. of Ev. 418, and annotations there given for the law touching the admissibility of non-expert testimony. See the following Mississippi decisions on last point: *Board of Levee Commissioners* v. *Nelms,* 82 Miss. 416, 34 So. 149; *Board of Levee Commissioners* v. *Dillard,* 76 Miss. 641, 25 So. 292.

In passing on this motion this court must take as true all testimony offered for the appellant, and all reasonable conclusions in support of said testimony must be indulged in, and after doing this, unless this court can affirmatively say that no witness testified touching the value of any single piece of property with such accuracy and precision as to justify the jury in believing that the appellee was wrong in its contention, then this case must be reversed. Under the law as above announced, it was not necessary that experts should testify. Those who lived near the property and who knew its surroundings and adaptibility for business purposes, were best qualified as to its value.

The mayor and city council were charged with the responsibility of familiarizing themselves touching the value of real estate and personal property in the town of Union, and they were in a position to know the value of this property and testified that they did know it, and gave their judgment as to its value.

*J. D. Carr,* for appellee.

The only question to be determined is the amount and value of the property in question. The value of property for purposes of taxation is, "What the owner would be willing to accept and expect to get for it if he were disposed to sell it." Section 4281, Code of 1906. The assessor's return must be treated as *prima-facie* correct, and not the order of the mayor and board of aldermen, and, therefore, the burden of proof was on appellant, town of Union, to overturn the action of the assessor. *Whittle* v. *City of Hattiesburg,* 96 So. 741. Appellant

introduced five witnesses, the mayor, the clerk, and three aldermen. The court held that the appellant wholly failed to meet the burden placed upon it by the law, that the testimony was so vague and uncertain that no verdict could be rendered for appellant, nor allowed to stand, if rendered. We submit that the testimony only amounts to a guess at the value of the property, and this at another time than February 1, 1921. The jury would have nothing to guide them to a verdict for appellant, and a verdict by the jury for appellant would have been a guess.

There is another and, we think, a very pertinent reason why the court below was right in granting a peremptory instruction for appellee and allowing the original valuation, as fixed by the assessor, to stand. The record shows that the assessment was made by copying from the county assessment rolls, as per section 3421, Code of 1906. True, section 3422, Code of 1906, provides that the municipal board may increase or diminish the value of property as assessed for taxation, but we submit that this applies only where they make a separate assessment. If not, why the provision that the copy he made after the county rolls have been approved, and changes in the county assessment thereafter made to be made in the copy? This copy, when taken from the assessment rolls of the county as in this case, "Shall be placed in the hands of the municipal tax collector, and be his warrant for the collection of municipal taxes. When this course is pursued (and appellant elected to pursue this course) no power or authority is given to increase or diminish the value of property. Municipal authority must be strictly construed, and unless a power be granted expressly or by necessary implication, it does not exist. *Adams* v. *Greenville,* 77 Miss. 881, 27 So. 990.

Therefore, we most earnestly insist that the value of the property here in question is justly and legally that as fixed by the county board that no increased value has been proven and that no power or authority existed by

which appellant was permitted to increase it, and that the lower court was correct in sustaining appellee's motion. We most respectfully submit that the case should be affirmed.

Cook, J., delivered the opinion of the court.

The mayor and board of aldermen of the town of Union, after complying with the requirements of law as to notice, acting under section 3422, Code of 1906 (section 5981, Hemingway's Code), increased the assessment of the property of the J. R. Buckwalter Lumber Company, which was located in said town, from a total valuation of one hundred four thousand seven hundred dollars to a total valuation of two hundred twenty-one thousand five hundred and eighty dollars. The lumber company, feeling aggrieved at this increase in its assessment, appealed therefrom to the circuit court. At the trial in the circuit court, counsel representing the respective parties entered into an agreement that the only question to be considered and determined was the amount and value of the property in question, and thereupon the town offered the testimony of several witnesses. At the conclusion of the testimony offered by the town, the court sustained a motion to exclude this testimony and grant an instruction directing the jury to return a verdict for the lumber company, and from the verdict and judgment entered in pursuance of this peremptory instruction the town prosecuted this appeal.

Upon the question of the value of the property involved, the town of Union offered the testimony of its mayor and three members of the board of aldermen. All of these witnesses testified that they were engaged in business in the town of Union and were familiar with the business conditions in the town and the value of property therein; that they resided near the property in question, and were familiar therewith; and that they made a special investigation and inspection of the property, for the

specific purpose of fixing its taxable value. The mayor, W. R. Carleton, testified that he had formerly been employed by the appellee lumber company for a period of eight years, and that he was thoroughly familiar with the property involved. As to the real estate involved, he described in detail the various lots and blocks and the improvements thereon. He explained the location of this real estate with reference to streets, schools, and the business section of the town. He gave the number of houses and described the improvements that were located on the several lots and parcels of land, giving a detailed description of the houses as to size, number of rooms, condition, and uses to which they were put, and gave his estimate of the market value, which in each instance was largely in excess of the value fixed in the return of the taxpayer. He likewise gave a detailed description of the mill site, the buildings, lumber ramps, dry kilns, and other improvements located thereon, and also listed the boilers, engines, planing machines, and other machinery, and gave an estimate of the value of all of these buildings and improvements and machinery, including three motor trucks and two locomotive engines. He also estimated the number of feet of lumber on hand, and gave his opinion as to the value of this lumber, and testified that he made these estimates and fixed the values after a careful examination of all of the property. The testimony of the other witnesses was similar to that of the mayor.

We think this testimony was sufficient to require an answer from the taxpayer, and that it was error to grant the peremptory instruction. In determining the value of property for the purpose of taxation, expert testimony is not essential. Persons residing near the property, and who are familiar with the value of property of like kind, character, and location, and who are familiar with the kind, character, and amount of the particular property, and with its location, uses, adaptability, enviroment, and improvements, and who have inspected the property for

the purpose of determining the amount, condition, and value thereof, may testify to their opinion of its value; and, upon the testimony offered by the appellant in the case at bar, we are of the opinion that it was error to grant a general peremptory charge in favor of the appellee lumber company.

The judgment of the court below will therefore be reversed, and the cause remanded.

*Reversed and remanded.*