REDMOND *v.* CITY OF JACKSON.[*]

(Division B. April 19, 1926. Suggestion of Error Overruled May 24, 1926.)

[108 So. 444. No. 25664.]

1. TAXATION. *Equality of city assessment is equality over city as a whole, and assessment at no greater than general rate and not beyond true value will be affirmed (Hemingway's Code, section 61 [Code 1906, section 81]; Const. section 112).*

In an appeal from a tax assessment under section 61, Hemingway's Code (section 81, Code of 1906), and section 112 of the State Constitution, the equality of an assessment in the case of

an appeal from a city assessment is the equality of the specific property with the general assessment made over the city as a whole, and where the property is not assessed at a greater rate than the general assessment over the city and is not assessed beyond its true value, the assessment will be affirmed.

2. TAXATION. *Appeal from city assessment covers entire assessment; one appealing from city assessment, who secured deduction of fire loss in equalization of his property, has no complaint because deduction was allowed on wrong building.*

Where a person appeals from an assessment, his appeal covers his entire assessment, and if he has secured the benefit of the damage to property caused by fire in the equalization of his property in the city with the other property in the city, he will not be heard to complain because the equalizing board allowed the reduction on the wrong building.

3. TAXATION. *Taxpayer allowed deduction in value of fire loss in equalization proceedings held not entitled to instruction to jury to reduce value of specific building by such amount.*

Where, in such case, the taxpayer has received the benefit on other property of his in the equalizing proceedings, he is not entitled to an instruction to the jury to reduce the value of his specific building by the amount of such loss.

4. TAXATION. *Taxpayer whose assessment is not higher than general average rate over city is not entitled to reduction because of disparity in assessment compared with any particular piece of property; absolute equality is not attainable in matters of assessment.*

Where a party appeals from a city tax assessment as equalized by the board of equalizers and his property is not assessed at a higher rate than the general average over the city, he will not be entitled to a reduction in assessment because of the disparity in his assessment compared with any particular piece of property. Absolute equality is not attainable in matters of assessment.

*Corpus Juris-Cyc. References: Municipal Corporations, 28Cyc, p. 1699, n. 38 New; p. 1703, n. 80.

APPEAL from circuit court of Hinds county, First district.

HON. W. H. POTTER, Judge.

S. D. Redmond protested against a tax assessment by the city of Jackson, and, from an adverse judgment on his appeal to the circuit court, he appeals. Affirmed.

*Lamar F. Easterling,* for appellant.

I.   The burden of proof was on the city to show that the increased valuation by the council over the assessment made by the tax assessor was correct and we submit that the city failed to meet this burden throughout.   *Whittle* v. *City of Hattiesburg,* 96 So. 741.   Likewise the burden is upon the city to show that the city had obtained jurisdiction to make the raises or to increase the valuation by giving the requisite notice and passing the necessary ordinance to carry into operation section 3422, Hemingway's Code.   See *Ala. R. R. Co.* v. *Brennan,* 69 Miss. 103; *Biloxi* v. *Biloxi Real Estate Co.,* 94 Miss. 653, 48 So. 729; *Herrick* v. *Pascagoula Street Ry. & Power Co.,* 97 Miss. 637, 54 So. 660; *Whittle* v. *City of Hattiesburg,* 96 So. 741.

We call the court's attention to section 4303, Code of 1906, requiring a county assessor, among other things, when he files his roll to publish notice thereof and the date of the meeting of the board to consider same.   *Cameron* v. *Whittington & McGehee,* 82 So. 731.

The very reverse of this is true in the case now before the court.   Under section 3422, Code of 1906, the duty is imposed upon the city council.   And in the case of their failure to do so, we say, by analogy, any sale for taxes would likewise be void.

II.   Instruction No. 1, given on behalf of the city, was erroneous in that it allows the jury to consider all the assessments together, which is not the law, as each separate item at a separate value is a separate transaction and is to be governed by equality of values in the immediate vicinity.

III.   Instruction No. 2, granted for the city, was also erroneous.   The theory of the counsel for the city throughout this trial seems to have been that the question involved was the actual value of this property, which

is not the case, and the true value of the property is not the criterion.   This instruction practically informed the jury that if they believed that the property was worth more than it was assessed, Redmond had no case.   This instruction overlooks the most vital thing in all assessments under our constitution and law; that is, equality of value, and we submit that this error is fatal.

*Morse & Scott,* for appellee.

I.   *The assessment as made.*   We have no objection to find to the case of *Whittle* v. *City of Hattiesburg,* 96 So. 741.   Under that decision the burden was on the city to establish the assessed valuation of the property.   Section 112 of the Constitution provides that taxes shall be uniform and equal throughout the state; *property shall be assessed in proportion to its value.*   Property shall be assessed for taxes under general laws and under uniform rules, *according to its true value.*   But all such property shall be assessed at its true value and no county shall be denied the power to levy county and special taxes, etc.

It is held in *Adams* v. *Miss. State Bank,* 75 Miss. 701, 23 So. 395, and *Adams* v. *Bank of Oxford,* 78 Miss. 532, that municipal taxation is within the operation of the section above quoted.   There is no question as to the valuation of the property.   Every witness, except the defendant, Redmond, knew the value of the property and placed the value of the land per front foot from three hundred dollars to five hundred dollars.   The defendant, Redmond, was shifty in his testimony and would never declare himself on any values.

Appellant raised an objection at this time to the fact that notice of the equalization was not introduced and proved by the city.   The city showed that notice was published through the testimony of the mayor.   The defendant waived the notice itself as he did not require its

production. If he wanted it in the record, it was his duty
to object to the mayor's testifying.

II. *The instructions.* The appellant objects to the
instructions that were given the appellee in this case.
When the case came on for hearing, we made a motion
to dismiss the appeal on the ground that the appeal
bond attempted to cover each separate and distinct as-
sessment. Appellant at that time very strenuously con-
tended that the assessments should be considered as
one case and one appeal, and the court ruled in his favor.
We thought that was error and we gave notice of a
cross-appeal, which is shown in the record. We decided
not to prosecute our cross-appeal and we see no reason
why he could complain of the entire case being tried as
one case, as it was done at his instance and request.

If instruction No. 1, given the city, was erroneous,
which we do not think is true, yet being construed with
instruction given the appellant, each item appealed
from is set forth; therefore, we think that there could
be no error and that the jury could not have been mislead.

Appellant complains of instruction No. 2, given the
city. We think this is without merit as the statute pro-
vides that property shall be assessed at its true value,
and in determining its true value these elements were
entered into. If there was any error in instructions Nos.
1 and 2, instruction No. 3 would cure any defect.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, S. D. Redmond, owns a number of
houses and lots in the city of Jackson, some of his prop-
erty being residence property and some if it business
property. This property was assessed by the assessor
of the city of Jackson in the year 1924, and certain of
the property in being equalized by the city commission
was raised. Among the property raised by the city
commission in equalizing the assessments was a business

house and lot owned by Redmond involved herein. This property was a two-story brick building on Farish street betweeu Capital and Amite streets, and was assessed by the city assessor at nine thousand six hundred dollars for said year. A like building on an adjoining lot was assessed by the city assessor at the same sum and was also raised by the equalizing board of the city commission, each building being assessed by the equalizing board at eleven thousand dollars. Redmond protested against the assessment, setting up that the property had been damaged by fire in the December preceding and was undergoing repairs on the first of February, and that the damage to the building was appraised by the adjusters in adjusting the insurance at four thousand, nine hundred fifty-two dollars and seventy-five cents. The city refused to allow Redmond's contention, and he appealed to the circuit court from the assessment of his property, excepting to the assessment of several of the houses and lots involved.

The city at first refused to certify the record of the assessment to the circuit court because the appellant gave only one bond, whereas the city contended he should give a sparate bond for each of the assessments involved. *Certiorari* was applied for, and the city certified up the assessment roll without the actual issuance of the writ of *certiorari.* The city thereupon moved to dismiss the appeals upon the ground that separate bonds were required for each piece of property, but this motion was overruled, the circuit judge holding that the assessment of Redmond as a whole was brought up, and the cause proceeded to trial.

Redmond was introduced as an adverse witness for the city, and the city sought to prove by him that the value of the property in controversy was greater than the figure at which it was assessed. Redmond would not testify as to the value of his property in suit, claiming he did not know its value; but he testified that in his opinion his property was discriminated against in assessing

it on a basis of equal value with the adjoining building which had not been damaged by fire, and he also claimed that a piece of property immediately in front of his store, on the opposite side of the street therefrom, was not assessed on an equal basis with his property. He did not testify that the property was not worth more than the assessment, nor did his proof show an intentional discrimination on the part of the assessing authorities in making assessment of his property.

A number of witnesses testified for the city that Redmond's property was worth largely more than it was assessed for, giving the values showing that the property was not excessively assessed with reference to its true value. The mayor of the city, who was a member of the equalizing board, testified that the general intent and purpose of the city was to assess property at approximately sixty per cent. of its real value, and that property in the city generally was assessed on a basis of sixty per cent. of its true value. The mayor testified further that Redmond's property here involved was assessed at less than sixty per cent. of its true value, and the records show that it was assessed at less than sixty per cent. of its true value as fixed by quite a number of expert witnesses.

When the testimony was concluded the appellant requested a peremptory instruction to the jury to allow a reduction of four thousand nine hundred fifty-two dollars and seventy-five cents on the assessment, which was refused. The mayor testified that the equalizers allowed this damage to another building owned by Redmond which they thought had been damaged by fire, instead of the building involved in this controversy. The jury returned a verdict for the city sustaining the assessment as made.

We think in appeals of this kind that the property should be assessed on a basis of equality taking the city as a whole. The rule is not that the party can pick out a particular piece of property and claim that it is as-

sessed at a relatively lower figure than his own property. The value of property for assessment in a taxing district like a city is a difficult matter, and different men will have different views, all reasonably formed and entertained with reference to such matters.

The record here does not show a purposed discrimination against Redmond, nor was he in fact discriminated against, taking the city as a basis for comparison. In fact, he was underassessed in the judgment of some of the witnesses testifying.

The law does not fix absolute equality as a rule, because absolute equality is not obtainable in cases of this kind. There was no legal discrimination in the assessment before us, and we think the evidence fully warranted the jury in its verdict, and that the court did not err in refusing peremptorily to allow the reduction requested in the instruction. There is no merit in the other questions presented.

The judgment of the court below is therefore affirmed.

*Affirmed.*