ROBERTSON BROS. *v.* MOBILE & OHIO R. CO.

(Division B. Oct. 28, 1929.)

[124 So. 334. No. 28072.]

J. A. Cunningham, of Booneville, for appellant.

Ely B. Mitchell, of Corinth, for appellee.

200

Argued orally by **Ely B. Mitchell,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

There is no doubt that, upon the question of the weight of a carload of cattle, the testimony of one who has had long experience in buying, selling, and shipping cattle is admissible as belonging to that class of proof known as expert evidence; and it is not necessary, as was offered to be done in this case, that other witnesses shall be in-

troduced to make known to the court that men of the
long experience in the business aforesaid are by reason
of that experience qualified to give evidence in the re-
spect mentioned.

But, when the testimony of an expert is offered on the
issue of weights against that of the record of the actual
weighing on regularly used and well-accredited scales,
the admissibility of the expert opinion on the question
stated is subject to the same limitations as other expert
evidence on similar questions in similar situations, name-
ly: (1) The expert witness must have actual personal
knowledge of the specific object to be estimated, which,
in this case, is that he must have seen and examined the
particular animals and substantially all of them with a
view at the time of judging their weight—with this ques-
tion in mind at the time, or, if not in mind at the time,
then the inspection and examination must have been of
such a character that all the elements of fact, in respect
to the particular animals, which are involved in a cor-
rect estimation of their weight, may be distinctly recalled
to memory at the time when the testimony is offered; that
is to say, that, at the time of the inspection, the ques-
tion in issue, which in this case is weight, was consciously
made the subject of a dependable and specific estimate
deliberately applied to the particular objects involved,
so that the evidence, when given, may go to the partic-
ular carload rather than to shipments in general, or that
his examination was of a character sufficiently thorough
and impressive that he can recall the particularized facts
to memory when testifying, and from the retained men-
tal picture of the originals, once personally seen, he may
look clearly again upon the specific objects and thus
form his opinion upon the question at issue. Or (2)
there must be in evidence complete and definite data of
the said specific objects as to the sizes, ages, conditions,
and other pertinent facts essential to a dependable esti-

mate, and these facts are fully and fairly stated to the expert by way of hypothetical questions.

Neither of the two alternate essentials was sufficiently present in this case. The carload of cattle here involved had been weighed by an experienced weighmaster on modern scales, which scales, as shown by the testimony without contradiction, had been regularly tested for accuracy, and always kept in proper repair. In order to overturn by opinion evidence the record of the scales, so accredited, nothing less than the requirements above stated must be observed, and the trial judge was correct in so holding.

Affirmed.