## BATSON v. PEARL RIVER COUNTY.

(In Banc. June 14, 1948.)

[35 So. (2d) 712. No. 36757.]

ON SUGGESTION OF ERROR.

For original memorandum opinion see 35 So. (2d) 72.

**Jones & Ray,** of Jackson, and **Ben Stevens,** of Hattiesburg, for appellee.

**J. M. Morse**, of Poplarville, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant offered to prove and we will concede, for the purposes of this case, did prove that the assessor and board of supervisors of the county placed all cut-over lands in the county, except those in Pearl River swamp, at an arbitrary assessment value of $2.50 per acre, and that the greater area of all the taxable lands was in the said cut-over class assessed at $2.50 per acre; and we may concede that appellant's land in the said $2.50 class, as well as that the assessor and board knew it, was not worth on an average as much as the average of other lands in that class, but it must be stated at the same time that appellant's land was worth, according to the evidence in the case, in actual value more than the $2.50 per acre at which it was assessed.

Appellant's complaint is then that the assessor and board of upervisors knowingly and intentionally placed his land arbitrarily in said $2.50 class, knowing that his land was not worth as much as the average of other land in said class and thereby worked an unconstitutional discrimination against him. In fact, appellant attempted to have the entire essessment roll of all the lands in the county received in evidence to emphasize his point.

Appellant has not pointed to any case or cases under our statute, Section 1196, Code 1942, allowing appeals from assessment, which would permit the circut court on such an appeal to go into the broad question here prescribed by appellant. The farthest towards it, so far as we can at the present find, would appear to be that allowed in Redmond v. City of Jackson, 143 Miss. 114, 108 So. 444. Such a question was not involved in Knox v. L. N. Dantzler Lbr. Co., 148 Miss. 834, 114 So. 873, and the language therein used is to be interpreted in the light of the facts with which that case dealt. In Edward Hines Yellow Pine Trustees v. Stewart, 5 Cir., 46 F (2d) 910, arising in this same county, the Court seems to have recognized that relief of a character such as here mentioned could not be afforded in a proceeding by appeal, and thereupon sustained a bill in equity.

Appellant having failed to show us that the stated questions could be reviewed on an appeal to the circuit court, and for the reason that the evidence showed that appellant's land was not assessed at more than its true value, we simply affirmed without an opinion, and for the same reason we overrule the suggestion of error.

But in what we have above said we do not finally foreclose the stated point. We are saying only that up to the present time we have not been shown that the broad issue raised by appellant could be adjucated on a statutory appeal.

Suggestion of error overruled.