McArdle's Estate *v.* City of Jackson.

Dec. 8, 1952

No. 38545        11 Adv. S. 4        61 So. 2d 400

*Henley, Jones & Woodliff,* for appellant.

*E. W. Stennett* and *Satterfield, Ewing, Williams & Shell*, for appellee.

ETHRIDGE, J.

This is an appeal by the Estate of Susie McCardle, deceased, from a judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, based upon the verdict of a jury sustaining the assessment made by appellee, City of Jackson, of appellant's property for ad valorem real estate taxes for the year 1950.

The appellant estate, which is administered by Harold Cox, testamentary trustee, owns commercial property in the down-town area of the City of Jackson which fronts 160.2 feet on the north side of Capitol Street, which runs east and west, and extends northward between approximately parallel lines through an entire city block for a distance of 440 feet to the south side of Amite Street, upon which it has a frontage of 160.5 feet. The property is partially improved with five retail store buildings fronting upon Capitol Street. Between two of these store buildings is a space or driveway 29 feet in width, which serves as an entrance from Capitol Street to a parking lot operated by a lessee upon most of the remaining area of the property, which is paved except for the frontage on the north side of the lot upon Amite Street, which is traversed by Town Creek. Over this creek on the west side is a steel and concrete bridge, which leads to Amite Street.

Appellant first assigns as error that the verdict of the jury was contrary to the overwhelming weight of the evidence. The City of Jackson had assessed the property for 1950 for $193,500. Appellant's protest asserts that the assessed value of the property should be $139,000. It was stipulated that the City of Jackson assesses property at two-thirds of its true or reasonable market value. The record of the trial below is lengthy. Appellant taxpayer offered as witnesses a lessee of one of the buildings on its property, and the trustee of the estate, who testified in considerable detail concerning the income from the property, its physical condition and other relevant facts. The city used several witnesses, including the city tax assessor and two experienced real estate appraisers. There was ample evidence to support the verdict of the jury approving the assessment made by the city. Appellant's main argument on this point is that the valuation of the property should be based primarily upon its capitalized earnings, and that by following this method of valuing the property, the assessment was excessive. How-

ever, Code of 1942, Sec. 9769, in referring to some of the elements of ascertaining "true value", expressly provides that "any other circumstances that tend to enhance" the property's value shall be considered. All of the facts as to the condition of the property, its surroundings, its improvements, and capabilities may be considered. Miss. State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565 (1940); Knox, Attorney General, v. Southern Paper Co., 143 Miss. 870, 108 So. 288 (1926). Moreover, appellant's instruction Number 7 correctly told the jury "that you may consider the then use of said property and the net income received from said property after payment of taxes and expenses as some evidence of its true value or market value. . . ."

(Hn 1) While income or rental value of real property is one proper element for consideration in determining its value, this factor is not the sole criterion, and all other relevant facts should be considered in determining valuation. 51 Am. Jur., Taxation, Sec. 705; Anno., 95 A. L. R. 434. Hence whether the property is devoted to the uses for which it is best adapted, and is in a condition to produce its maximum income, is a legitimate inquiry. Actual income may not be so important in determining true value as is earning capacity. The jury could consider appellee's evidence that the property was not put to its best economic use. Hence although the following instruction granted the city should have been more precisely phrased with reference to the significance of actual income, it is not erroneous:

"The court instructs the jury for the City of Jackson that income or rental value of unimproved or vacant lots is not the basis of their value and that in considering the income or rental value of improved property the jury may consider whether or not such property has been improved so as to bring a reasonable return upon its most profitable use and further instructs the jury that the actual income now received is not necessarily controlling."

Appellant argues that the trial court erred in overruling its motion to exclude the testimony of the witness J. H. Wells, an appraiser of real estate and a witness for the city, with respect to the best use to which the property could be put. Appellant says that Wells conceded that he had made no study of the situation to determine whether the property could be more feasibly used by constructing a warehouse on the parts not covered by buildings, and that such speculative matters and possibilities should not be submitted to the jury. However, both Wells and Magruder, real estate appraisers, testified that the property was not being placed to its most profitable and efficient use. They considered various details as to a better economic use of the property: constructing a building on part of the 29-foot driveway on Capitol Street, and developing the undeveloped Amite Street frontage by erecting a storage warehouse or other buildings on this and the interior area of the lot, and by repairs to and modernization of the existing buildings. **(Hn 2)** Tax assessors may consider the most profitable form of improvements upon the land as one of several elements in fixing its proper valuation, as well as its availability for other purposes. 51 Am. Jur., Taxation, Sec. 706; Town of Union v. J. R. Buchwalter Lumber Company, 136 Miss. 414, 101 So. 561 (1924); Miss. State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565 (1940); State ex rel. Smith v. Tallahala Lumber Co., 8 So. 2d 230 (Miss. 1942). Hence the testimony of both Wells and Magruder on this issue was relevant. Also, the trial court correctly overruled appellant's motion to exclude their evidence on the alleged ground that neither of them took into consideration the actual income from the property. These witnesses stated that they considered the rents along with numerous other factors in making their appraisals.

The circuit court gave the following instruction: "The court instructs the jury on behalf of the City of Jackson that in a case of this nature the testimony of expert

witnesses is proper to establish the value of the property, and that the jury should consider such testimony along with all other testimony in the case, the weight and sufficiency of which you are the sole judges.''

Appellant says that there is no such thing as an expert on real estate values; that the question of valuation is a matter of common knowledge and experience to any person familiar with the facts; that this instruction is on the weight of the evidence, and has the effect of advising the jury that they should give more weight to testimony of the city's experts; and that the statement that the jury are the sole judges of the weight of the evidence does not cure this prejudicial attempt to bolster the testimony of the witnesses for the city, who purported to be the only appraisal experts testifying. **(Hn 3)** The intricate details of proper valuation of property and specialized knowledge as to geographic, economic and social facts and their significance to value has warranted the courts'in recognizing the use of expert testimony for valuation of real property, for consideration by the jury along with all of the evidence in the case. Redmond v. City of Jackson, 143 Miss. 114, 108 So. 444 (1926); Robertson Bros. v. M. & O. R. R. Co., 155 Miss. 198, 124 So. 334 (1929); J. H. Leavenworth and Son v. Hunter, 150 Miss. 245, 116 So. 593 (1928); Geohegan v. Union Elevated Railroad Co., 266 Ill. 482, 107 N. E. 786, 790 (1916); Redman v. U. S., 136 Fed. 2d 203, 205 (C. C. A. 4th, 1943). We do not think that this instruction could have misled the jury. It was told that it should consider such testimony along with all of the other testimony in the case, and that it was the sole judge of its weight and sufficiency.

**(Hn 4)** Appellant also complains of two lengthy instructions given the city in which the jury was advised in part that ''the assessment complained about must be compared with and equalized on a basis considering like properties within the city as a whole''; that the jury must take the ''assessment of like property throughout the city''; that

the taxing authorities must assess the property according to its true value ''on a basis of equality to other like property within the City''. Appellant says that these instructions are confusing and misleading in connection with the evidence in this case; that the phrase ''like property'' precludes the jury from considering the question of the value of property almost directly across the street from appellant's property and within a block or so of it; and that the purpose of these instructions was to advise the jurors that residential property, in which they might be primarily interested, would be assessed on a different basis, and that if they did not sustain the city's views that residential property would have to share in the burden applicable to business property. We do not agree. Certainly the last suggestion is unwarranted by the terminology used. The instructions did not preclude consideration of similar or substantially similar properties. Although too lengthy and argumentative, they were directed toward like property throughout the city as a whole. On this record the jury had the right to consider whether property on the south side of Capitol Street in this vicinity was ''like property''. Similar proportionate assessments would apply only to substantially similar properties. These issues were submitted to the jury which determined them adversely to appellant. This court has previously recognized that the requirements of equality and uniformity comprehend ''other property of like character and value throughout the county and state'', and ''like property in Vicksburg''. Edward Hines Yellow Pine Trustee v. Knox, Attorney General, 144 Miss. 560, 108 So. 907 (1926); Redmond v. City of Jackson, *supra;* Miss. State Highway Commission v. Hillman, *supra.* Moreover, appellant's instruction Number 13 advanced the same theory, requiring ''valuation of property of like kind over the entire City as a whole . . .''

Appellant complains of the following instruction given appellee: ''The court instructs the jury for the City of

Jackson that the tax assessor's valuation of the property here involved which was adopted by the Board of Mayor and Commissioners is prima-facie correct and the plaintiff has the burden of proving by a preponderance of the evidence under the other instructions granted in this cause that said valuation by the tax assessor is incorrect. The Court further instructs you that the prima facie valuation thus fixed as shown by the evidence in this cause is, as follows:

Estate of Jane McCardle,

| | |
|---|---|
| Land | $169,000.00 |
| Improvements | 24,500.00 |
| Total Assessment | $193,500.00'' |

As a correlative matter, appellant also says that the court erred in refusing to give it the following instruction: ''The Court instructs the jury that the assessment under review was made by the City Council on equalization of the rolls by approving the assessment made by the Assessor, and the Court tells you as a matter of law that there is no presumption that said property is assessed for its proper taxable value and such question shall be determined by you only upon the evidence in this cause and not otherwise.''

(Hn 5) The latter instruction was properly refused. In one sense, it was the converse of the first quoted instruction. But it would have been misleading to the jury as to the burden of proof, which was upon the taxpayer. And ''as a matter of law'' there is a statutory presumption that the property was properly assessed, although an instruction should not deal with this procedural device. Code of 1942, Sec. 9746, provides that every lawfully assessed ad valorem tax is a debt due by the person owning the property, ''and in all actions for the recovery of ad valorem taxes the assessment roll shall only be prima facie correct''.

The complained of instruction granted the City was an apparent attempt to apply this statute. It properly instructed the jury that the burden of proof to overturn

the assessment by a preponderance of the evidence was upon the taxpayer, appellant. Robertson v. U. S. Nursery Co., 121 Miss. 14, 31-35, 83 So. 307 (1919); People ex rel. Wallington Apts., Inc., v. Miller, 288 N. Y. 31, 41 N. E. 2d 445 (1942); 51 Am. Jur., Taxation, Sec. 655, 1252. In City of Jackson v. McCardle's Estate, 189 Miss. 781, 198 So. 736 (1940), involving the 1939 assessment upon this same property, it was held that the assessor's return is to be treated as prima facie correct, and that the burden of proof on appeal is upon the party who seeks to overturn the action of the assessor. Compare Whittle v. City of Hattiesburg, 132 Miss. 808, 96 So. 741 (1923) (explained in City of Jackson v. McCardle's Estate, *supra*). Of course the presumption, as distin- . guished from the burden of proof, disappears when the evidence is before the court. People ex rel. Wallington Apts., Inc. v. Miller, *supra*. Appellant obtained the following instruction, which so advised the jury:

"The Court instructs the jury that if you are reasonably convinced by the evidence that the property in suit is assessed by the City for more than its taxable value, as distinguished from its market value, then the court tells you that all presumption of validity of such assessment as to the taxable value of said land disappears, and that it thereupon becomes your duty as jurors to fix the taxable value of such property at not in excess of 2/3 of the fair and reasonable market value of said property in the year 1950."

The instruction complained of which was granted the city was cured to the extent of any references to a presumption by the above-quoted instruction granted appellant. Moreover, the complained of instruction expressly referred to the appellant having the burden of proving by a preponderance of the evidence "under the other instructions granted in this cause" that the city's valuation was incorrect.

(Hn 6) The following instruction was given appellee: "The court instructs the jury for the City of Jackson that

whether you find for the City of Jackson or for the plaintiff, your verdict may be written upon a separate and distinct piece of paper, to-wit:

" 'We, the Jury, find the proper assessment of the property here involved to be, as follows:

"Estate of Susie McCardle, deceased

| | |
|---|---|
| Land | $.............................. |
| Improvements | $.............................. |
| Total Assessment | $.............................. ' '' |

Appellant says that this instruction was misleading in that it indicated to the jury that they should find either for the city or appellant, and that they could not assess the property at an intermediate figure; and that the jury should have been told that they were not confined to either figure but could fix a reasonable assessment. However, appellant's instructions Nos. 9 and 10 told the jury that it could reduce the city's assessment to such amount as it might believe from the evidence would be two-thirds of the true or reasonable market value. So we do not think that the jury was misled in this respect. Moreover, appellant obtained a substantially similar instruction to the one of which it complains, as follows:

"The court instructs the jury that any nine (9) jurors agreeing that the property in suit was assessed by the City for more than its taxable value may return a verdict in this case for the whole jury, and the form of such verdict may be:

'We, the Jury, find the proper assessment of the property here involved to be, as follows:

Estate of Susie McCardle, deceased,

| | |
|---|---|
| Land | $.............................. |
| Improvements | $.............................. |
| Total Assessment | $.............................. ' '' |

In both instances the amount of the valuations were left blank for the jury to determine. Lavecchia v. City of Vicksburg, 197 Miss. 860, 20 So. 2d 831 (1945), is not

in point, since in that case the jury was specifically instructed that if it found a verdict for the city it would "fix the assessment at $85,500."

(**Hn 7**) The trial court sustained appellee's objection to appellant introducing into evidence the 1950 assessment of $77,700 of this same property by Hinds County. In the offer of proof, appellant stated that it proposed to show that the Hinds County assessment was that amount, but it made no offer to show the percentage basis to true or market value upon which Hinds County assessed this and other properties. However, even assuming that was shown, whatever it might be, we do not think that the assessment of this property by a separate and independent governmental subdivision, Hinds County, would be of any probative worth upon the true market value, in this action involving an assessment by the city. This was indicated in Adams v. Lamb-Fish Lumber Company, 104 Miss. 48, 61 So. 6 (1913). The trial court was correct in excluding this evidence.

Affirmed.

*McGehee, C. J.,* and *Alexander, Kyle,* and *Holmes, JJ.,* concur.

---

## ON MOTION FOR STATUTORY DAMAGES
## FOR UNSUCCESSFUL APPEAL

February 23, 1953     21 Adv. S. 44     63 So. 2d 101

McGEHEE, C. J.

The taxing authorities of the City of Jackson assessed certain business property of the appellant on Capitol Street in the City of Jackson for the sum of $193,500.00. The appellant protested the assessment and petitioned for a reduction of the same to the sum of $139,000.00. The protest and petition were denied, the appellant appealed to the circuit court, which, after a jury verdict sustaining the assessment as made, entered its judgment

accordingly, and from that judgment an appeal was taken to this Court and we affirmed the judgment appealed from.

On the appeal to the circuit court the judgment there rendered did not include the damages at the rate of ten per centum on the amount which is alleged to have been in controversy, the damages being claimed under Section 1196, Code of 1942. In fact the circuit court was not requested to apply that statute because of the unsuccessful appeal to it from the assessment made by the municipality. Nor was any cross-appeal taken or cross-assignment of error filed on the appeal from the circuit court to this Court, and the issue was not raised in the brief of the appellee as filed in this Court. Neither was this issue raised by a suggestion of error here to our affirmance of the judgment appealed from, as rendered.

We are therefore of the opinion that the motion to now correct the judgment so as to render the judgment which the appellee says that the circuit court should have rendered should not now be entertained.

The appellee in its motion to correct the judgment rendered by us also asks that we amend our judgment so as to include five per centum as damages under Section 1971, Code of 1942, on the amount of the assessment that was challenged by the taxpayer, that is to say, on the difference between $139,000.00 and $193,500.00. The statute invoked provides for the assessment of the five per centum damages in case of an unsuccessful appeal here "if the judgment or decree affirmed be for a sum of money" or if the judgment "be for the possession of real or personal property." We do not think that the judgment appealed from provided either for the payment of a sum of money or for the possession of real or personal property, or otherwise came within the provisions of this statute.

In the case of Vicksburg Bank v. Adams, State Revenue Agent, 74 Miss. 179, 21 So. 401, the Court held that such a case is not embraced within the terms of the stat-

ute, and that damages can only be awarded in a case expressly provided for by the statute; that the judgment appealed from merely determined that the bank's property was liable to taxation, and that the valuation of the property for taxation was $60,000.00; that there was no intimation in the judgment of any sum of money due by the bank, nor was there any necessity for any judgment for any sum of money; that the liability to taxation having been found by the judgment, and the amount of the assessment or the valuation of the property having been fixed therein, the court below had reached the limit of its jurisdiction in the matter; that without an appeal from that judgment, the city authorities would have proceeded to collect the municipal taxes in the manner prescribed by law, and, with an appeal and an affirmance of the judgment below, the city authorities could likewise proceed to collect the proper taxes, but that the amount to be collected was not adjudged by the circuit court, nor was it within the province of that court so to do in such a proceeding.

Moreover in the instant case, the property was sold for taxes, damages, and costs, for the year in question, and was later redeemed by the appellant, and the protest against the assessment of $193,500.00 was evidently for the purpose of procuring an adjudication as to whether or not there was an overvaluation in the assessment, and there was no sum of money awarded in the judgment appealed from.

The motion for the assessment of these statutory penalties in the circuit court and in this Court must therefore be overruled.

Motion overruled.

*Roberds, Arrington, Ethridge* and *Lotterhos, JJ.,* concur.