GEORGE I. ROCKWOOD *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

SAME *vs.* SAME.

Worcester.  September 27, 1926. — November 27, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Tax,* On income.  *Patent.*

Sums received by a patentee as royalties for the use of patents granted by the United States are not subject to taxation by the Commonwealth as income.

TWO COMPLAINTS, filed in the Superior Court on February 28, 1924, under G. L. c. 62, § 47, as amended, for the abatement of taxes assessed upon income alleged to have been received by the complainant in the years 1921 and 1922.

In the Superior Court, the complaints were referred to a commissioner, and were heard upon the commissioner's report by *McLaughlin,* J., who ordered abatements of $671 and $756.95 respectively.  The respondent appealed.

*A. Lincoln,* Assistant Attorney General, for the respondent.

*M. S. June,* (*G. A. White* with him,) for the complainant.

CARROLL, J.  In these two complaints the decisive question is the right of the Commonwealth to tax the income received from royalties for the use of patents issued by the United States.  The complaints are against the commissioner of corporations and taxation for the abatement of income taxes assessed for income received in the years 1921 and 1922.  The judge of the Superior Court found for the complainant; the respondent excepted.

The complainant, a resident of Worcester for several years, was the president and principal stockholder of the

Rockwood Sprinkler Company, a corporation located at Worcester, and of the Rockwood Sprinkler Company of Illinois. He invented, from time to time prior to the year 1916, certain sprinkler systems protected by patents. From these he received royalties, which were paid to him by the Worcester company for the use of the patents.

A patent right itself is not taxable by a State. Letters patent of the United States give to the patentee a right of monopoly in the invention, and with this right the State cannot interfere. It is conceded by the respondent that the rights secured by the patents could not be taxed by the State without the consent of Congress. *Webber* v. *Virginia*, 103 U. S. 344, 347. *M'Culloch* v. *Maryland*, 4 Wheat. 316, 432. *Opinion of the Justices*, 193 Mass. 605, 608, 609. *People* v. *Assessors*, 156 N. Y. 417, 418.

As a State cannot tax the patent, it cannot tax the royalties received from its use. What the State cannot do directly, it cannot accomplish in an indirect way. The true nature of the tax must be considered. A tax on rents received from land is the same in substance as a tax on the land itself. Rights under patents could be impaired or destroyed if taxed by the State, and if royalties from patents can be taxed, the right itself might thereby be destroyed. The Legislature, in giving a tax a particular name, cannot "take away our duty to consider its real nature and effect." See *Choctaw, Oklahoma & Gulf Railroad* v. *Harrison*, 235 U. S. 292, 298; *Pollock* v. *Farmers' Loan & Trust Co.* 157 U. S. 429, 581.

In *Gillespie* v. *Oklahoma*, 257 U. S. 501, 506, where it was held that, a tax upon a lease of Indian lands being invalid, a tax upon the income received from the lease is invalid, it was said: "The same considerations that invalidate a tax upon the leases invalidate a tax upon the profits of the leases . . . a tax upon such profits is a direct hamper upon the effort of the United States to make the best terms that it can for its wards." "A tax upon the leases is a tax upon the power to make them, and could be used to destroy the power to make them." *Indian Territory Illuminating Oil Co.* v. *Oklahoma*, 240 U. S. 522, 530. "A tax upon the in-

come of property is in reality a tax upon the property itself."
*Opinion of the Justices,* 220 Mass. 613, 624.

A patented article, when manufactured, may be taxed
by the State. A tax on such property, however, is not a
tax on the privilege granted to the patentee by the Federal
government. The right to exclude others from making
or selling the patented article is not interfered with by a
tax on the patented article when made. *Webber* v. *Virginia,
supra.* It has been decided that a Federal estate tax may
be assessed on an estate in which were included State and
municipal bonds. "The transfer upon death is taxable,
whatsoever the character of the property transferred and
to whomsoever the transfer is made." *Greiner* v. *Lewellyn,*
258 U. S. 384, 387. But the tax levied on the royalties
in the cases at bar was in effect a tax on the patent itself.
It was a property tax, *Hart* v. *Tax Commissioner,* 240 Mass.
37, 39, and was beyond the power of the State.

*United States Glue Co.* v. *Oak Creek,* 247 U. S. 321, 326,
is not in conflict. In that case it was said, "A State may
not directly burden interstate commerce, either by taxation
or otherwise. But a tax that only indirectly affects the
profits or returns from such commerce is not within the rule."
This case was distinguished in *Gillespie* v. *Oklahoma, supra.*
"The criterion of interference by the States with interstate
commerce is one of degree. It is well understood that a
certain amount of reaction upon and interference with such
commerce cannot be avoided if the States are to exist and
make laws. . . . The rule as to instrumentalities of the
United States on the other hand is absolute in form and at
least stricter in substance." *Gillespie* v. *Oklahoma, supra,*
at page 505. We find nothing in *Fidelity & Deposit Co. of
Maryland* v. *Pennsylvania,* 240 U. S. 319, and similar cases
cited on the respondent's brief, inconsistent with what is
here decided. As the income from royalties on the patents
issued by the United States were not taxable, the exceptions
of the respondent are overruled. It becomes unnecessary,
therefore, to consider the other questions argued by the
complainant and respondent.

In each case the entry must be

*Exceptions overruled.*