QUICKSAFE MANUFACTURING CORPORATION *v.* EDGAR J. GRAHAM, COMPTROLLER, *et al.*

(*Nashville,* December Term, 1929.)

Opinion filed June 28, 1930.

SEAY, STOCKELL, EDWARDS & KEEBLE, for complainant, appellee.

R. E. MAIDEN and W. H. EAGLE, Assistant Attorneys-General, for defendant, appellants.

MR. JUSTICE COOK delivered the opinion of the Court.

Complainant's predecessor, a Tennessee corporation and the exclusive owner of a patent right, entered into a contract with Turner & Seymour Company, a Connecticut manufacturer, licensing it to make and sell a patented article to the exclusion of all others. The complainant, a domesticated Delaware corporation, which succeeded to the rights of its predecessor, keeps an office in Tennessee where it receives from the Connecticut manufacturer the royalties on the machines manufactured in Connecticut and from there distributed throughout the United States. The complainant does not make or supply any part of the machines or any material that goes into their manu-

facture, nor does it make, buy or sell any article of commerce. According to the statements of the bill, which upon demurrer, are admitted, complainant's sole business is to hold the patent right and receive the royalties from Turner & Seymour Company.

The Commissioner of Finance and Taxation assessed the excise tax against complainant for the years 1925, 1926 and 1927, amounting to $539.35, and payment was about to be enforced when complainant pursuing the course prescribed by statute, paid the tax under protest and, alleging that it was illegally exacted, sued to recover the amount paid. The defendants, representing the State, demurred to the bill. The chancellor overruled the demurrer whereupon defendant refused to further plead and a decree was entered awarding complainant a recovery for the aggregate of the taxes paid by it.

The defendants appealed, insisting that complainant is subject to the excise tax imposed by chapter 21, Acts of 1923.. The tax levied by this Act is a privilege tax upon domestic and foreign corporations organized for profit and carrying on business in this State. The annual tax is measured by a sum equal to three per cent of the net earnings for each preceding fiscal year,. arising from business done wholly within the State. Corporations not doing business in the State and those that derive no net earnings from business done in the State are not subject to the tax. *Bank of Commerce & Trust Co.* v. *Senter,* 149 Tenn., 569.

The complainant derived no profit from the manufacture and sale of the patented article which was manufactured by the licensee. Its income was derived altogether from the royalties on its patent right. The State could not levy a tax upon the value of the patent right and where the State attempts to tax income inquiry is

allowed to the sources from which the income is derived and the same considerations that would invalidate a tax upon the source would also invalidate a tax upon the income. Such is the rule announced in *Gillespie* v. *Oklahoma,* 257 U. S., 501, following *McCullough* v. *Maryland,* 4 Wheat., 316, and other cases.

██ Resort to analogy is rendered unnecessary by authorities directly in point. In *State* v. *Butler,* 3 Lea, 222, the court, holding that the State could not tax sales of patented articles, said:

"If the State can forbid the use and enjoyment of the right granted except on terms of paying for the privilege . . . she may as well . . . forbid it entirely. In this way the privilege granted may be rendered valueless and the right purchased from the United States be entirely destroyed for all practical purposes."

In *Long* v. *Rockwood,* 277 U. S., 145, 72 Law Ed., 824, the court said:

"These causes present the question whether the State of Massachusetts may tax, as income, royalties received by one of her citizens for the use of patents issued to him by the United States. The Supreme Judicial Court of that State held such an imposition would amount to a tax upon the patent right itself and was prohibited by the Federal Constitution. We agree with that conclusion."

Further discussion of the questions presented through the assignments of error and brief are unnecessary.

Affirmed.