STATE OF NORTH CAROLINA ON THE RELATION OF ALLEN J. MAXWELL, COMMISSIONER OF REVENUE, v. CHEMICAL CONSTRUCTION COMPANY.

(Filed 25 March, 1931.)

**Taxation A i—State may not tax United States patent nor income derived therefrom.**

A State may not directly tax a patent right issued by the United States government, nor may it indirectly tax such patent right by taxing the income derived from royalties therefrom.

APPEAL by relator from *Moore, Special Judge,* at January Term, 1931, of WAKE. Affirmed.

This is a proceeding instituted by the relator, Commissioner of Revenue of the State of North Carolina, as authorized by statute (section 335, chapter 345, Public Laws of N. C., 1929), for the assessment of the income of the respondent, a corporation organized under the laws of this State, for the year 1929, for the purposes of taxation. Section 310, chapter 345, Public Laws of N. C., 1929.

The income of respondent for the year 1929 was assessed at the sum of $134,341.96. This income was derived from royalties received during said year by the respondent, as owner by assignment of certain patents issued by the Commissioner of Patents of the United States, under and pursuant to an act of Congress, enacted under the provisions of clause 8, section 8 of Article I of the Constitution of the United States, 35 U. S. C. A., 36. A tax authorized by statute (section 311, chapter 345, Public Laws of N. C., 1929), amounting to $6,907.76, was levied by the relator on said income.

Upon notice of the assessment of said income, and of the levy of said tax, respondent filed exceptions to the findings both of fact and of law, on which said assessment was made and on which said tax was levied. These exceptions were overruled. The respondent thereupon paid the tax levied, under protest, and appealed from the ruling of the relator on its exceptions to the Superior Court of Wake County, in accordance with the provisions of section 341, chapter 345, Public Laws of N. C., 1929.

The appeal was heard in the Superior Court on facts agreed, as appears by a stipulation filed in said court. On the facts agreed, the court was of opinion that the tax levied by the relator, and paid by the respondent, is illegal, for that the income of respondent derived from royalties on patents issued by the Commissioner of Patents of the United States, pursuant to the act of Congress, is not subject to taxation by the State of North Carolina.

From judgment in accordance with the opinion of the court, that the respondent recover of the State of North Carolina the amount paid as a tax on its income as assessed by the relator, together with the costs of this proceeding, the relator appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorneys-General Nash and Siler for the relator.*
*Brooks, Parker, Smith & Wharton for respondent.*

CONNOR, J. The sole question presented by this appeal is whether a tax levied under the authority of a statute of North Carolina, on income derived from royalties received by a corporation organized under the laws of this State, for the use of patents issued by the Commissioner of Patents of the United States, and owned by the corporation, is valid.

This identical question was presented to the Supreme Judicial Court of Massachusetts for decision in *Rockwood v. Commissioner of Corporations and Taxation,* reported in 257 Mass., 572, 154 N. E., 182, 55 A. L. R., 928. In that case it was held that a State cannot tax royalties for the use of a patent issued by the Commissioner of Patents of the United States under the authority of an act of Congress. The Congress of the United States is expressly empowered "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." Section 8, Article I, Const. of U. S. In the opinion in the cited case it is said: "A patent right itself is not taxable by a State. Letters patent issued by the United States give to the patentee a right of monopoly in the invention, and with this right the State cannot interfere." The patent is the instrumentality by which the United States confers upon the patentee, his heirs and assigns the right to the exclusive use of his invention or discovery, for a limited time. "As a State cannot tax the patent, it cannot tax the royalties received from its use. What the State cannot do directly, it cannot accomplish in an indirect way."

The judgment in the above-cited case was reviewed by the Supreme Court of the United States in *Long, Comr. of Corporations and Taxation v. Rockwood,* 277 U. S., 145, 72 L. Ed., 824. The judgment was affirmed. In the opinion of the Court, delivered by *Mr. Justice McReynolds,* it is said: "These causes present the question whether the State of Massachusetts may tax, as income, royalties received by one of her citizens for the use of patents issued to him by the United States? The Supreme Judicial Court of that State held such an imposition would amount to a tax upon the patent right itself, and was prohibited by the Federal Constitution. We agree with this conclusion."

Many authoritative decisions are cited in support of the decision in that case. We regard this decision as authoritative and conclusive upon us. It seems to have been so regarded by the Supreme Court of Tennessee in *Quick-Safe Mfg. Corp. v. Graham, Comptroller,* decided on 30 June, 1930, and reported in 29 S. W. (2d), 253.

We do not think that the decision in *Long v. Rockwood* is affected as an authority on the question presented in the instant case, as suggested by the Attorney-General in his brief filed in this Court as counsel for the relator, by the decision in *Educational Films Corporation v. Ward,* decided on 12 January, 1931, and reported in 75 L. Ed., at page 223. In that case a tax levied under a statute of the State of New York on complainant for the privilege of exercising its corporate franchise in said State, was upheld, although the amount of the tax was determined by the income of the complainant derived from royalties for the use of patents owned by complainant. The decision of the question there presented was not controlled by the decision in *Long v. Rockwood.* The distinction is made in the opinion of the Court delivered by *Mr. Justice Stone.* The judgment in the instant case is

Affirmed.