STONE *v.* STAPLING MACHINES CO.

June 14, 1954

No. 39218          67 Adv. S. 115          73 So. 2d 123

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellant.

*Bernard L. Tighe,* Jackson, for appellee.

APPELLANT IN REPLY.

Arrington, J.

This case involves the validity of an assessment for Mississippi income tax against a foreign corporation doing business within the State. In Stone v. Stapling Machines Co., 71 So. 2d 205 (Miss. 1954), this Court upheld the validity of an assessment of a Mississippi sales tax against the same taxpayer. The tax there involved was measured by two per cent of the gross receipts from "renting or leasing of tangible personal property." The pertinent facts applicable to appellee-taxpayer are substantially the same as those outlined in the opinion in 71 So. 2d 205, and they will not be recited in detail here. The income tax here involved is broader: It taxes the

net income from ''rentals or royalties from property or any interest in property within the State.''

Appellee is a Delaware corporation with its principal offices in New Jersey. It leased under a written contract to certain persons in Mississippi certain box-making machines on which it held United States patents. The lessees by this instrument obtained the right to use the patented machines to make boxes, and the right to make patented boxes. Appellee retained title to the machines, and agreed to furnish repair parts, and its agents were granted access to the machines. The Mississippi lessees agreed to pay for the use of the machines a sum equal to four per cent of the gross sales from patented boxes made under the agreement, and a sum equal to two per cent of the gross sales of all other boxes not patented and made under the agreement. In addition, the Mississippi lessees had to pay as an initial consideration for the lease the cost of production of the machines.

Under this arrangement, the Stapling Machines Company in the year 1950 derived gross income from rents and royalties from Mississippi in the amount of $634,209.78. Applying the ratio between Mississippi gross income and total gross receipts in the nation, to the total net income of appellee, the State Tax Commission allocated to appellee a 1950 net income from this State in the amount of $265,972.32. Appellee had previously reported taxable net income from Mississippi for 1950 of $23,317.50. This was based upon the allocation by appellee of 1950 income only from what it considered to be rent on the machines in Mississippi, and on that return it paid a 1950 state income tax of $182.92.

Thereafter the State Tax Commission held hearings concerning appellee's 1950 taxable income, and on February 6, 1953, entered an order, as outlined above, allocating to appellee a Mississippi net income in the sum of $265,972.32. The Commission's order, therefore, entered

a deficiency assessment of income tax against appellee for the year 1950 of $15,165.42.

From that assessment order of February 6, 1953, Stapling Machines Company appealed to the Chancery Court of the First Judicial District of Hinds County. The petition for appeal charged that taxpayer had never qualified to do business in Mississippi, that it had no offices or agents in the State, and was not doing business within the State; that most, if not all, of the money received by taxpayer from Mississippi lessees for 1950 was royalty for the right to make and sell patented boxes; and that such royalty is not derived from property in Mississippi and is not subject to a state income tax. The petition did not attack the method of allocation of net income to Mississippi, but attacked the State's power and jurisdiction to tax any of the money received by taxpayer from the Mississippi lessees, other than certain minimum, asserted rental values of the machines located in this State. On the hearing in the chancery court, much of the same testimony and exhibits in the sales tax case were introduced into the record. On August 22, 1953, the chancery court entered a decree vacating and setting aside the deficiency assessment of the Commission in its order of February 6, 1953. Apparently the trial court's decree was based upon the idea that this State did not have jurisdiction to make the assessment, and on the assumptions that appellee was not doing business in Mississippi, that money received by appellee from Mississippi lessees of its machines was royalty, and that income from royalty on machines located in this State is immune from state income tax.

However, subsequent to the date of that decree and in the sales tax case involving the same taxpayer, 71 So. 2d 205, this Court held: (1) Stapling Machines Company is doing business in Mississippi and subject to state taxation; (2) the box-making machines are located in this State, have obtained a business situs here apart from

the domicile of their owner, Stapling Machines Company, have become localized within Mississippi, and are not in the stream of interstate commerce. Hence the Court in the sales tax case affirmed the Commission's allocation of gross income arising from "renting or leasing of tangible personal property," and affirmed the Commission's assessment of the sales tax. The sales tax decision in 71 So. 2d 205 decided substantially all of the issues in this case, except one.

Appellee contends again that it is not engaged in doing business within Mississippi, but that issue was properly decided against it in the sales tax case. Appellee further says that the licensing of the machines to the Mississippi lessees is wholly interstate commerce, and that to impose the state income tax on the money paid for the leases is violative of the interstate commerce clause. However, in the sales tax case we held that the machines had obtained a business situs in the State apart from the domicile of their owner, and that they had become localized and divorced from the stream of interstate commerce. 71 So. 2d 209-210. Appellee also argues that if any part of its income from these machines is rental, then only that part which can be said to be the fair rental value should be taxed. It then refers to the same testimony which was used in the record in the sales tax case, in which a real estate man and an accountant testified as to what they thought was a fair rental value of the machines used in Mississippi by lessees. That contention also was rejected in the sales tax case. It was there held that the *rental* which the sales tax statute made the basis of computation of that tax was two per cent of gross income from patented and from unpatented boxes.

Appellee argues finally that part of the net income upon which the Commission's assessment is based is derived from royalties paid by Mississippi lessees for the use in this State of patented machines; that the patents have their situs in the State of New Jersey, since

their situs follows the domicile of the owner, New Jersey. It is stated that the royalties are not paid to it for the use of any property owned by appellee in Mississippi.

The income tax statute is not limited to income from rentals. Referring to the statutes in effect in 1950, Code of 1942, Section 9222, as amended by Mississippi Laws 1944, Chapter 125, Section 1, levies a State income tax upon the entire net income "from all property owned and from every business, trade or occupation, carried on in this state by individuals, corporations, partnerships, trusts or estates, not residents of the state of Mississippi." Code Section 9231 describes items which shall be treated as income: "(1) In the case of foreign corporations or of a nonresident or citizen of a foreign country the following items of gross income shall be treated as income from sources within the State.

"(a)   .   .   .   rentals or royalties from property or any interest in property within the State;   .   .   ."

Hence it will be noted that the statute levies a tax upon the entire net income from all property owned or business carried on in the State by nonresident corporations, and that the statute expressly provides that *"rentals or royalties* from property or any interest in property within the State" shall be treated as income from sources within the State. This statute is clear and unambiguous, and manifestly applies to the 1950 net income allocated to Mississippi by the order of the State Tax Commission.

The most substantial part of appellee's net income assessed by the Commission is derived from rent received by appellee for the use of the machines in this state, as was held in the sales tax case, 71 So. 2d 205, 207. Some of the assessed income constitutes income from royalties derived from the use in Mississippi of the patented machines. As to the latter, appellee apparently contends that the assessment is invalid because its patents are immune from taxation by any State other than that of the domicile of the taxpayer. This is beside the point.

The income tax in question is not a tax on appellee's patents. It is a tax on income earned in Mississippi by the use in this State by appellee of its personal property.

51 Am. Jur., Taxation, Section 248, says: ''Over a long period of time the rule prevailed in Federal and state courts that a state had no power to tax patent rights or copyrights since such rights were created for Federal purposes under the Constitution and laws of the United States. A copyright or patent was regarded as a franchise granted by the United States, and, as such, not subject to state taxation on property. However, the view that copyrights are immune from state taxation upon the principle that they are Federal instrumentalities was dispelled when a case arose under a state statute imposing a direct charge upon gross receipts from royalties. Fox Film Corp. v. Doyal, 286 U. S. 123, 131, 76 L. Ed. 1010, 1016, 52 S. Ct. 546, definitely overruling Long v. Rockwood, 277 U. S. 142, 72 L. Ed. 824, 48 S. Ct. 463. The United States Supreme Court now takes the view that the mere fact that a copyright is property derived from a grant by the United States is insufficient to support a claim of exemption from state taxation. . . . A copyright is held in private ownership and exercised for private advantage. The advantage to the public is gained merely from the carrying out of the general policy in making such grants, and not from any direct interest which the government has in the use of the property which is the subject of the grant. Therefore, although in the nature of a franchise granted by the government, it is not exercised in behalf of the government, and a tax upon the gains derived from the operations permitted by the copyright statute is not a tax upon the exertion of any governmental function.''

51 Am. Jur., Taxation, Section 797, pages 716-717, states the rule with reference to state income taxation where the income is received from royalties on patents or copyrights:

"Although at one time there was authority to support the conclusion that a state property or income tax on corporations could not be imposed without deduction or allowance for patents or copyrights held by the taxpayer, or the income or receipts therefrom, this principle is seemingly of little significance now in view of the present position of the Federal Supreme Court that copyrights are not immune from state taxation because they are granted by the Federal government. Fox Film Corp. v. Doyal, 286 U. S. 123, 76 L. Ed. 1010, 52 S. Ct. 546. Moreover, it has always been recognized that state franchise or excise taxes measured by capital stock or income may be imposed on corporations without deduction on account of patents or copyrights held by the taxpayer, . . . and that the fact that an article within the jurisdiction of the state, owned by a corporation, is the product of a patented combination or process does not withdraw it from state taxation." See also 84 C. J. S., Taxation, Sec. 210, pp. 404-405.

2 Walker on Patents (Deller's Ed. 1937), Section 236, says: "A state may tax as income royalties received by one of her citizens for the use of patents issued to him by the United States." It cannot be disputed at this date that the income derived from royalties based upon patents is subject to both Federal and state income taxation. Ibid., and 1953 Supplement, Section 236; Boderick v. Neale, 201 F. 2d 621 (CCA 10th 1953).

The leading case dealing with this question is Fox Film Corp. v. Doyal, 286 U. S. 123, 52 S. Ct. 546, 76 L. Ed. 1010 (1932). Fox Film Corporation was a New York corporation engaged in the State of Georgia in the business of licensing copyrighted motion pictures. The State of Georgia assessed a tax for the privilege of engaging in that business in Georgia, measured by the gross receipts from royalties. The tax was "a direct charge upon the royalties." The court held for the first time that a tax upon the profits derived from copyrights is not a tax

upon an instrumentality of the Federal government and is not immune from state taxation; and that in this aspect royalties from copyrights were in the same position as royalties from the use of patent rights. The court overruled Long v. Rockwood, 277 U. S. 142, 48 S. Ct. 463, 72 L. Ed. 824 (1928), holding to the contrary. In Long the court had invalidated a state assessment of income tax on royalties derived from patents.

In Educational Films Corp. of America v. Ward, 282 U. S. 379, 51 S. Ct. 170, 75 L. Ed. 400 (1931), decided a year before Doyal, New York assessed against a New York corporation an annual tax for the privilege of exercising its franchise in the state, measured by that part of the corporation's net income allocated to the business carried on within the state. It was contended by the taxpayer that the tax was void in so far as it included income from royalties on copyrights, because it was a tax on a Federal instrumentality. That argument was rejected since the tax was nondiscriminatory and properly allocated. Doyal and Ward in effect overruled the earlier cases of Maxwell v. Chemical Construction Co., 200 N. C. 500, 157 S. E. 606 (1931), and Quicksafe Mfg. Co. v. Graham, 161 Tenn. 46, 29 S. W. 2d 253 (1930), which were based upon Long v. Rockwood, overruled expressly in Doyal.

In Laabs v. Wisconsin Tax Com., 218 Wis. 414, 261 N. W. 404 (1935), which was decided after Doyal, the court upheld a Wisconsin tax upon the income derived by a Wisconsin resident from royalties on patents owned by the taxpayer. See also Texas Co. v. Oklahoma Tax Com., 249 P. 2d 985, 989 (Okla. 1952); Tirrell v. Johnston, 293 U. S. 533, 55 S. Ct. 238 (1934).

In brief, a state may tax income from royalties based upon United States patents. There is no immunity on any assumed basis that it is a franchise granted by the Federal government. That was rejected in the Doyal case. Moreover, the assessment of the Mississippi in-

come tax in the instant case is not violative of the interstate commerce clause. As was held in the sales tax case, 71 So. 2d 205, appellee is doing business in Mississippi. State Tax Commission v. Memphis Natural Gas Co., 197 Miss. 583, 19 So. 2d 477 (1944), appeal dismissed, 323 U. S. 682, 65 S. Ct. 440, 89 L. Ed. 553. Moreover, the box making machines owned by appellee have obtained a business situs in this state apart from the domicile of their owner, and therefore there is no interference with interstate commerce. The income which is taxed here is derived from the royalties based upon the personal property owned by the appellee and located in Mississippi for local purposes. The tax is a tax upon appellee's income earned in the state. The mere fact that part of that income is derived from royalties on patents owned by appellee does not deprive Mississippi of jurisdiction to tax the income earned in Mississippi. The royalty income as well as the rental income of appellee allocated to this state are concededly derived from a source located within this state, the use by Mississippi lessees of the machines owned by appellee.

Appellee insists that we must apply the doctrine of mobilia secuntur personam, and that the only taxable situs of the patents which it owns is in its domicile, New Jersey. However, there is now "no necessary constitutional objection to the taxation of intangible interests by different states," provided the taxpayer has extended his activities also to the other state and has availed himself of the protection of the laws of that other state. 51 Am. Jur., Taxation, Section 467; Stone v. Stapling Machines Co., 71 So. 2d 205, 209-210. Moreover, the state income tax assessed against appellee is not a tax on the patent itself as an item of property. Appellee is being taxed for income which it has derived from the use of its patented personal property in this state. See Anno., 163 A. L. R. 985; Parke-Davis and Co. v. Atlanta, 200 Ga. 296, 36 S. E. 2d 773, 163 A. L. R. 976. The statute

expressly provides that "rentals or royalties from property or any interest in property within the state" shall be treated as income from sources within the state. This is the same principle applied by the Federal income tax law. Anno., 167 A. L. R. 943, 974, states: "But in Sec. 119(a)(4) of the Internal Revenue Code of the United States, 26 U. S. C. A. 1945 Ed. Sec. 119(a)(4), 6 F. C. A. Title 26, Sec. 119(a)(4), income consisting of royalties for the use of a patent or copyright is expressly declared to have its source at the place where the patent or copyright is used, rather than at the domicile of the holder of the patent or copyright. See the annotation in 160 A. L. R. 579."

Appellee can rely only upon Commonwealth ex rel. Luckett, Com'r of Revenue v. Radio Corporation of America, 299 Ky. 44, 184 S. W. 2d 250 (1944). Although of doubtful validity, that case is clearly distinguishable from the instant one. There the nonresident taxpayer was not doing business in Kentucky, and had no tangible personal property located in Kentucky from which the income was derived. This distinction was made by the Kentucky Court in Tenn. Gas & Transmission Co. v. Commonwealth, 308 Ky. 571, 215 S. W. 2d 102, 105 (1948).

In brief, we hold that income from royalties based upon and derived from personal property situated and localized in Mississippi, and earned and accrued here, is subject to the state income tax. The tax assessed is not a tax upon the patent rights of appellee, but upon the privilege exercised by appellee of placing its property and doing business in this state, and earning the assessed income here. The judgment of the chancery court is therefore reversed and a judgment will be entered here for appellant, reinstating and affirming the assessment order of the State Tax Commission.

Reversed and judgment here, reinstating and affirming assessment order of State Tax Commission.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.