STAPLING MACHINES COMPANY *v.* MONAGHAN

No. 40698　　　　January 13, 1958　　　99 So. 2d 649

*Tighe & Tighe,* Jackson, for appellant.

*John E. Stone, Henry A. Fly,* Jackson, for appellee.

Hall, J.

This case is a suit for recovery of income taxes paid by the appellant to the State Tax Commission for the years 1951, 1952 and 1953, which was decided by the lower court adversely to the appellant.

The appellant attacks the constitutionality of the assessment against it and we do not use much time in saying that the identical questions as to constitutionality were passed upon by this Court in the case of Stone v. Stapling Machines Company, 220 Miss. 470, 71 So. 2d 205, appeal dismissed by the Supreme Court of the United States on October 14, 1954, 348 U. S. 802, and in Stone v. Stapling Machines Company, 221 Miss. 555, 73 So. 2d 123, the appeal having been dismissed by the Supreme Court of the United States January 10, 1955, 348 U. S. 907. The case first mentioned involved the liability of appellant for sales tax, and the case second mentioned

involved the liability of appellant for 1950 income tax. The facts involved in the present case, except as to amount, are identical with those involved in 221 Miss. 555, with the additional feature that since that decision the appellant has entered the State of Mississippi and now employs in this State regularly men who are engaged in the repair of its machines and the replacement of parts needed in connection therewith.

█ █ The appellant complains that it was not permitted to deduct from its gross income the federal taxes paid by it. Our income tax law makes no provision for such a deduction by anyone. All individuals and corporations in this State are subject to the same law.

█ █ The appellant also complains that the State Tax Commission did not use the formula which it desired in determining the amount of its income tax. Appellant works out an apportionment ratio which it says should be used since it is engaged in business and has income from many other states and keeps only a unitary system of books. It contends that there should be taken the ratio of the Mississippi receipts to the total unitary receipts, together with the ratio of the Mississippi tangible property to the total unitary tangible property and that there should be taken the ratio of the salaries and wages paid in Mississippi to the total salaries and wages paid everywhere. The appellant works out these three items to be a total of 27.64016% and then contends that the apportionment ratio for Mississippi is one-third of this amount or 9.21339%, and in connection with its contention the appellant has introduced into the record the state income tax law pamphlet including regulations no. 9 published in 1949, and the state income tax law pamphlet including regulations no. 10 published in 1952. Article 247 of the regulations divides foreign corporations into three different classes, and the third class is divided into three identifications, (A) manufacturing, (B) trading, and (C) personal service and special cases. The 1949 regulations and the 1952 regulations are substantially

the same in this regard and appellant seeks to come under the ratio prescribed for manufacturing corporations. However, it will be noted from the statement of facts that the appellant does not qualify as a manufacturing corporation. The appellant earned all of its profits from the leasing of machines,—not from the manufacture thereof. It appears that the appellant does not sell and will not sell a single one of its machines. Any person using its machines is required to first execute a lease thereof and to make a down payment equal to the cost of the machine and then to regularly pay rent for the use of the machine. The appellant is certainly not a trading corporation under Article 247 of the regulations because it is not engaged in trading anything. The Tax Commission therefore placed the appellant in Class C, which is personal service and special cases. The Commission had worked out a formula of its own for the calculation of the taxes due and it is strange to note that under the formula worked out by the Commission the appellant's income taxes were almost identically the same as they would have been if the Commission had applied the formula for which appellant contends.

In the case of Butler v. McColgan as Franchise Tax Commissioner of the State of California, the Supreme Court of the United States in 315 U. S. 501-510, 86 L. Ed. 991-997, held that one who attacks a formula of apportionment carries a distinct burden of showing by clear and cogent evidence that it results in extraterritorial values being taxed, and in the same case the Supreme Court of the United States discussed at length the question of the correct apportionment formula and held that if the statute as calling for a method of allocation which is fairly calculated to assign to California that part of the net income reasonably attributable to the business done there, any constitutional question arising from the Fourteenth Amendment is at an end.

The appellant argues that the regulations above-mentioned have never been approved by the Governor of

Mississippi. This is a matter which was not raised in the pleadings and was not presented to the lower court. By stipulation the appellant introduced the 1949 regulations and the 1952 regulations in printed form. On page 155 of the 1949 regulations it is plainly stated that the same were approved by Fielding L. Wright, Governor, on February 19, 1949, and we take judicial notice of the fact that he was the Governor of Mississippi at that time. On page 158 of the 1952 regulations approved October 1, 1952, it is plainly stated in the printed form that the same were approved by Hugh L. White, Governor, and we take judicial notice of the fact that he was the Governor of Mississippi at that time. Moreover, the appellant did not raise the question in the court below, either by the pleadings or otherwise, and did not offer any proof whatsoever thereon, and so far as the record before us is concerned, it plainly appears that the regulations for 1949 and 1952 were approved by the Governors of Mississippi in the years mentioned. Furthermore, these regulations provide in the concluding paragraph of Article 247 that the Commissioner may, in his discretion, add or change such additional elements or factors as may be determined necessary in arriving at a formula as set out in this article, and may revise any formula as set out in these regulations, as will, in the opinion of the Commissioner, properly reflect the income of such taxpayer.

The judgment of the lower court, being correct, is hereby affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.

## ON MOTION TO CORRECT JUDGMENT

The appellee has filed a motion to correct the judgment entered on the Supreme Court minutes in this case by allowing the statutory five percent damages under the provisions of Section 1971, Miss. Code of 1942, such

damages to be calculated upon the monetary judgment of the chancery court in the amount of $20,335.17.

■■ The statute clearly provides that for an unsuccessful appeal the appellant shall be assessed at the rate of five per centum upon the amount awarded by the lower court, but in entering the judgment in this case the clerk inadvertently omitted to include the statutory five percent damages.

Counsel for the appellant have filed a brief opposing the award of damages and relies upon two cases namely, Vicksburg Bank v. Adams, 74 Miss. 179, 21 So. 401, and McArdle's Estate v. City of Jackson, 215 Miss. 571, 61 So. 2d 400, 63 So. 2d 101. The decree appealed from in the two cases cited by appellant did not award a monetary judgment. In the Vicksburg Bank case there was involved the assessment of the bank. How much taxes may have been due on that assessment was not in issue and was not included in the judgment appealed from. In the McArdle's Estate case there was involved only an ad valorem assessment on said property and the judgment of the lower court merely fixed the assessment without awarding any judgment for the amount of money which the assessment fixed might bring. Neither of the cases mentioned involved a monetary judgment, but both of them merely involved the amount of an assessment on which taxes were to be collected.

The judgment in the case at bar is for a specific sum of money, to-wit $20,335.17, as fixed by the State Tax Commission, plus interest from September 15, 1956, and it is clearly subject to the five percent damages.

Motion to correct judgment sustained.

*Roberds, P. J.*, and *Lee, Holmes* and *Ethridge, JJ.*, concur.