ON MOTION TO CORRECT MANDATE

PRATHER, Justice,
for the Court:
John W. McGowan, the losing appellant, filed a motion to correct the mandate of this court of December 21, 1988, contending that the addition of the statutory penalty was in error. The facts of this issue are as follows.
The State Sales Tax Commission directed an assessment for sales taxes against John W. McGowan, et al., which assessment was protested by McGowan and appealed through all of the administrative procedures of the Commission. Having met with no success in overturning the assessment, McGowan paid the sales taxes in full and then filed suit for a refund of the allegedly excessive assessment in the Chancery Court of Hinds County. Both the Chancery Court and this court affirmed the initial assessment made by the Sales Tax Commission. The Court’s mandate added “an amount of fifteen percent of the affirmed judgment as provided by Miss. Code Ann.Sec. 11-3-23 (Supp.1987)”.
I.
The above statute provides for damages only in certain enumerated instances: (1) where the judgment or decree is for a sum of money, (2) where the judgment is for possession of real or personal property, or (3) where the judgment is for dissolution of an injunction. Obviously, there is only one of the above enumerated instances in which damages may be assessed that is in any way applicable to the facts of this case, and that possibility is whether or not this judgment is for a sum of money.
McGowan supports his position by citing the authority of McArdle’s Estate v. Jackson, 215 Miss. 571, 63 So.2d 101 (1953), which he states is “on all fours.” The McArdle’s Estate case also involved a dispute of the assessment of taxes, but at issue was the assessment of ad valorem taxes on certain business property. The Estate appealed the assessment to the circuit court and to this court. Both courts sustained the assessment made by the City of Jackson; but in the interim during these appeals the City of Jackson had sold the property for taxes, damages, and costs for the year in question.
After an adverse ruling against the McArdle’s Estate, the City moved this Court to correct its mandate by amendment to include the statutory damages allowable under the predecessor statute of Sec. 11-3-23, contending that the court’s judgment was for a sum of money. Relying upon the case of Vicksburg Bank v. Adams, State *700 Revenue Agent, 74 Miss. 179, 21 So. 401 (1897), this Court held that the judgment appealed from was not a judgment for the payment of a sum of money, nor did it come within any of the other provisions of the statute. As in Vicksburg, supra, and McArdle’s, supra, the judgment appealed from merely determined that the appellant’s property was liable to taxation; there was no intimation in the judgment of any sum of money. Noting that the liability to taxation having been found by the judgment and the amount of the assessment having been fixed, this Court noted that the trial court had reached the limit of its jurisdiction in the matter, and the amount to be collected was not adjudged by the trial court, nor was it within the province of that court to order a money judgment in such a proceeding.
Having reviewed our former decisions applicable to this case, this Court holds that the Chancery Court judgment appealed from was not a judgment for a sum of money; rather, it was an affirmance of the Sales Tax Commission’s assessment and a denial of any monetary refund. It is additionally noted that the sales tax in the case at bar was pre-paid by the appellant before his filing his suit in the chancery court. It therefore follows that there could be no judgment for a sum of money for prepaid taxes.
The supporting authority relied upon by the State Tax Commission is Stapling Mar chines Company v. Monaghan, 232 Miss. 484, 101 So.2d 359 (1958), which case is factually distinguishable. The opinion of Stapling, supra, also acknowledges the judgment in McArdle’s Estate was an af-firmance of the fixing the assessment without awarding any money judgment for the amount of money which the assessment fixed might bring. This case is in the same posture as one in which a plaintiff sues in tort for personal injuries, suffers an adverse jury verdict and appeals, only to have this Court affirm. See Wallace v. Jones, 360 So.2d 932, 933 (Miss.1978); Comment, 53 Miss.L.J. 281, 287-88 (1983). The only authority for assessment of a penalty against McGowan is the discretionary authority of Rule 38, Miss.Sup.Ct. Rules. McGowan’s appeal was not sufficiently frivolous that he should be assessed the penalty. Cf. Tricon Metals & Services, Inc. v. Topp, 537 So.2d 1331, 1334-37 (Miss. 1989).
This Court is of the opinion that the Motion to Correct the Mandate should be sustained, and therefore, this Court holds that the imposition of the statutory penalty of fifteen per cent (15%) under M.C.A. Sec. 11-3-23 should be vacated.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.